# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 3:21-mj-1046 |
| v. | ) USDC DC No. 1:21-mj-00273 |
| | ) |
| **BRYAN WAYNE IVEY** | ) |

## ORDER SETTING CONDITIONS OF RELEASE

Defendant Bryan Wayne Ivey appeared with counsel, Assistant Federal Public Defender David Baker, for an initial appearance on March 4, 2021. Assistant U.S. Attorney Josh Kurtzman appeared for the government. The United States not having requested detention, Defendant is ORDERED released on his own recognizance subject to the following conditions, which were reviewed with Defendant on the record and of which he acknowledged his understanding as well as the penalties for noncompliance:

1) Defendant may not make any change of address without permission of the Probation/Pretrial Services Office or the Court. Defendant's correct address has been provided to Pretrial Services.

2) Defendant must be in court in the District of Columbia for all proceedings as instructed, and, if convicted, must surrender to serve any sentence imposed.

3) Defendant cannot: obstruct any criminal investigation; tamper with a witness, victim or informant; retaliate against or attempt to retaliate against a witness, victim or informant; or intimidate or attempt to intimidate any witness, victim, informant, juror or officer of the court. Such actions are crimes punishable by up to 10 years in prison, and $250,000 fine, or both, with substantially more serious penalties if the tampering, retaliation, or intimidation involves a killing or attempted killing.

4) Defendant must not violate any local, state or federal law. If Defendant does violate any local, state or federal law, Defendant could be punished by as much as from 90 days to 10 years imprisonment in addition to the penalty provided for the offense committed.

5) If Defendant violates any condition of release, a warrant for Defendant's arrest could be issued, any bond may be forfeited, and new bonds with additional conditions, or Defendant's detention until trial, could be ordered by the Court, and Defendant could be held in contempt of Court, which could result in imprisonment, a fine, or both.

1

6) If Defendant fails to appear at any proceeding in his federal prosecution in the District of Columbia or Defendant fails to surrender to serve any sentence imposed, Defendant could be charged and convicted of bail jumping which applies equally to Defendant's own recognizance, and is punishable by, in some cases, as much as 10 years imprisonment and a $250,000 fine or both, in addition to any other punishments imposed in the original case.

7) In addition, defendant must abide by the following special conditions:

   a. Defendant shall report to Pretrial Services as directed.

   b. Defendant shall maintain or actively seek employment.

   c. Defendant shall have no contact with any known witness or victim in this prosecution or investigation, either directly or indirectly, outside the presence of his attorney. This condition shall not, however, extend to Defendant's wife, Kelly Ivey. Further, Defendant may have contact with his brother, Tyler Bivens, but not about the circumstances or events alleged in the charging document or otherwise about the prosecution or investigation.[1]

   d. Defendant shall surrender any passport and shall not obtain a passport or other international travel documents during the pendency of this case.

   e. Defendant shall not travel outside of the Middle District of Tennessee without prior approval of Pretrial Services, except for limited travel to the District of Columbia for court appearances, meetings with Pretrial Services, or attorney meetings. Defendant is prohibited from traveling to the District of Columbia for any reason other than court appearances, meetings with Pretrial Services, or attorney meetings. Defendant shall notify Pretrial Services in MD/TN in advance when he is traveling to the District of Columbia.

   f. Defendant shall refrain from possessing any firearm, ammunition, destructive device, or other dangerous weapons.

   g. Defendant shall refrain from the excessive use of alcohol

   h. Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a medical practitioner.

   i. Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance, such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any other form of prohibited substance screening or testing.

---

[1] Defendant's attention is directed to this modified condition, pursuant to 18 U.S.C. § 3142(c)(3), which the Court finds appropriate under the entirety of the circumstances.

2

j. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

k. Defendant shall report as soon as possible, and within 48 hours, to the supervising officer, any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop.

l. Defendant shall permit pretrial services officers to visit at any time at his/her home or elsewhere without advance notification; Defendant also shall permit confiscation of any contraband observed in plain view of the pretrial services officer(s).

m. Defendant shall not participate in or view content on any online social media site.

n. Defendant must appear for a virtual proceeding before the presiding Magistrate Judge in the U.S. District Court for the District of Columbia on **Friday, March 12, 2021, at NOON (Central time)/1:00 p.m. (Eastern Time)** by video conference using the access instructions detailed in the addendum below.

o. Defendant must sign the acknowledgment below and return the signed acknowledgment to his attorney (who shall then file the signed conditions with the Court).

It is FURTHER ORDERED that the conditions listed above are imposed for Defendant's release pursuant to 18 U.S.C. § 3142(h) and are effective as of Defendant's release without the necessity of any further action.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 3-4-21                    _____
                                Defendant's signature

3

UNITED STATES OF AMERICA v. BRYAN WAYNE IVEY    MD/TN No. 21-mj-1046
USDC DC 1:21-mj-00273

## ADDENDUM TO CONDITIONS OF RELEASE

Defendant is ORDERED to **report virtually to the United States District Court for the District of Columbia at NOON (Central)/1:00 p.m. (Eastern), on Friday, March 12, 2021.** The call-in instructions for the virtual hearing are provided below.

**Instructions for Virtual Reporting**

    Join ZoomGov Meeting
    https://uscourts-dcd.zoomgov.com/j/1615439875?pwd=M1JnWVV6bjBPTnF3M010SzdtM0NwZz09

    Meeting ID: 161 543 9875
    Passcode: 926057

    One tap mobile
    +16692545252,,1615439875#,,,,,,0#,,926057# US (San Jose)
    +16468287666,,1615439875#,,,,,,0#,,926057# US (New York)

    Dial by your location
        +1 669 254 5252 US (San Jose)
        +1 646 828 7666 US (New York)
        +1 669 216 1590 US (San Jose)
        +1 551 285 1373 US
    Meeting ID: 161 543 9875
    Passcode: 926057
    Find your local number: https://uscourts-dcd.zoomgov.com/u/adDIlCPuGS

    Join by SIP
    1615439875@sip.zoomgov.com

    Join by H.323
    161.199.138.10 (US West)
    161.199.136.10 (US East)
    Meeting ID: 161 543 9875
    Passcode: 926057